IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BRIDGEPOINT INSURANCE AGENCY & PERMIT CENTER LLC, § § § *Plaintiff* § § v. § § BRIDGEPOINT TRANSPORT, LLC § and BRIDGEPOINT LOGISTICS, LLC, § § *Defendants* § | | CASE NO._____ JURY TRIAL DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT

Bridgepoint Insurance Agency & Permit Center LLC ("Bridgepoint") brings this action against Defendants Bridgepoint Transport, LLC ("Transport") and Bridgepoint Logistics, LLC ("Logistics") (collectively, "Defendants") and alleges:

## NATURE OF THE ACTION

1. Bridgepoint owns two trademark registrations ("Bridgepoint's Marks"). Bridgepoint's Marks includes a federally registered word mark for Bridgepoint, with the U.S. Trademark Registration 78763049, issued on November 6, 2007, and based on first use in commerce date at least as early as January 1, 2005. A copy of the registration is attached to this Petition as **Exhibit A**.

2. Bridgepoint's Marks also includes a federally registered design mark



PLAINTIFF'S ORIGINAL COMPLAINT – Page 1

depicted here:

The U.S. Trademark Registration number for the design mark shown is 78763091, and this federal trademark was also issued on November 6, 2007, with a first use in commerce date at least as early as January 1, 2005. *See* **Exhibit B**.

3. Bridgepoint's Marks are federally protected in three U.S. Patent and Trademark Office goods and services categories, which are as follows:

   a. "international and domestic licensing of vehicles for individuals and **commercial transport of goods** and providing information therefor."

   b. "international and domestic insurance agency and brokerage services in the field of life, accident, medical, casualty, carrier, transport, marine, air, auto, and vacation, to commercial entities, and individuals; processing and administration of insurance claims; providing information on insurance."

   c. "transport brokerage services for commercial transport of goods."

4. Bridgepoint was formed in the State of Texas on October 7, 2004. For sixteen years, Bridgepoint has specialized in international and domestic insurance and permit services, and its business has expanded over the years because of its excellent reputation and "goodwill." Bridgepoint provides services in the insurance, permits, license, and registration transportation commercial sector under its registered Marks. Through Bridgepoint's success, and its longstanding, extensive,

and exclusive use of its registered Marks, the Marks have become widely known throughout Texas. As a result, Bridgepoint's Marks have become very valuable.

5. Defendants are competitors of Bridgepoint. Transport was formed on July 14, 2014 and immediately began trading in the transportation sector using Bridgepoint's Marks.

6. When Transport began doing business it, at the very least, had constructive notice of Bridgepoint's ownership rights in the Bridgepoint's Marks because Bridgepoint had registered "Bridgepoint" as both standard word and design marks on November 6, 2007, for "commercial transport of goods," among other categories in the goods and services offered by the United States Patent and Trademark Office.

7. On information and belief, Defendant Bridgepoint Logistics LLC is affiliated with Defendant Bridgepoint Transport, LLC. It also provides commercial transport of goods services. Logistics was formed on August 16, 2019.

8. Transport and Logistics have infringed and continue to infringe on Bridgepoint's Marks, not only in the names of their respective companies, but also in their marketing, websites, social media, email communications, and signage.

9. Bridgepoint sent a cease-and-desist letter to Transport on November 28, 2018 demanding that Transport cease infringing on Bridgepoint's Marks.

10. Transport never replied to Bridgepoint's letter. Instead, Transport's principals formed another company, Logistics, which also infringes on Bridgepoint's Marks.

11. Since the cease-and-desist letter was received by Transport, Defendants have had actual notice that its use of Bridgepoint's Marks is unlawful and unauthorized. Consequently, Transport's refusal to comply with the cease-and-desist letter was intentional and willful.

## PARTIES

12. Bridgepoint, Bridgepoint Insurance Agency & Permit Center LLC, is a limited liability company organized under the State of Texas laws with a registered office address at 210 N. International Blvd., Hidalgo, Texas, 78577.

13. Defendant, Bridgepoint Transport, LLC is a limited liability company organized and existing under the State of Texas laws and has a registered office street address at 3408 Champagne, Pharr, Texas, 78577. The Defendant may be served with process through its registered agent, Julio A. Davila, Jr.

14. Defendant, Bridgepoint Logistics, LLC is a limited liability company organized and existing under the State of Texas laws and has a registered office street address at 1301 E. Roosevelt, Donna, Texas, 78537. The Defendant may be served with process through its registered agent, Julio A. Davila, Jr.

## JURISDICTION AND VENUE

15. This Complaint alleges claims of violation of federal law, including trademark infringement, arising out of the Federal Lanham Act, 15 U.S.C.A. § 1051 *et seq.* and unfair competition, common law trademark infringement, common law unfair competition, federal trademark dilution, and state trademark dilution. This

Court has jurisdiction over these claims under 28 U.S.C.A. § 1331 and § 1338 and § 1367(a).

16. This Court has personal jurisdiction over Defendants. Defendants' trademark infringement acts have occurred within this district and have substantially injured Bridgepoint within this district. Defendants' also engage in transacting commercial business principally within this judicial district, maintaining their registered offices in it as well.

17. Venue is proper in this district under 28 U.S.C.A. § 1391 (West). Defendants reside in this Judicial District.

**COUNT ONE: CLAIM FOR FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

18. Bridgepoint repeats and incorporates by reference all previous paragraphs as if fully set forth herein.

19. Since November 6, 2007, Bridgepoint is the sole owner and holds all rights, title, and interest in both the Bridgepoint standard word mark and design mark, U.S. Federal Trademark Registration Nos. 78763049 and 78763091.

20. Defendants' businesses display the Bridgepoint's standard word trademark and use it in the transportation services sector business it operates in Hidalgo County. Defendants' infringement has and will continue to cause confusion and mistake to consumers as to Bridgepoint's Marks, as Bridgepoint not only has long before Defendants operated in the transportation service market using the Bridgepoint Mark but also does business in the same geographical location as Defendants.

21. Further, Bridgepoint's Marks were federally registered in the space of "**commercial transport of goods**" on November 6, 2007. Thus, Defendants' infringement of Bridgepoint's Marks in the transportation services it offers is precisely the type of conduct for which Bridgepoint has protection against infringers.

22. Because of Defendants' willful and bad faith infringement of Bridgepoint's Marks, Bridgepoint's reputation and "goodwill" have suffered and will continue to suffer irreparable harm should Defendants' infringement be allowed to continue. As a result, Bridgepoint seeks a preliminary and permanent injunction against further trademark infringement by Defendants pursuant to 15 U.S.C.A. § 1116.

23. The amount of Defendants' damages is not yet determined. However, pursuant to 15 U.S.C.A. § 1117(a), Bridgepoint is entitled to and seeks Defendants' profits, actual damages, costs of this action, and such relief as may be deemed appropriate and awarded by this Court.

24. Defendants' actions are willful, in bad faith, and with full awareness, and warrant an award of enhanced damages. Additionally, Bridgepoint is entitled to recover attorney fees under 15 U.S.C.A. § 1117(a).

**COUNT TWO: CLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT**

25. Bridgepoint repeats and incorporates by reference the preceding paragraphs as if fully set forth herein.

26. Bridgepoint and Defendants trade in the transportation sector and the majority of Bridgepoint and Defendants' business takes place in Texas, especially in Hidalgo County.

27. Defendants brand themselves as "Bridgepoint Transport, LLC," and "Bridgepoint Logistics, LLC." Defendants' marketing with the Bridgepoint's Marks constitutes false or misleading representations of fact likely to confuse, to cause mistake, or to deceive consumers as to Defendants' services with those offered by Bridgepoint generating unfair competition in violation of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(A).

28. Defendants' infringement is not only willful but is done with the intent to use Bridgepoint's Marks to enrich themselves unjustly.

29. Defendants' actions of unfair competition will continue unless enjoined by this Court. Pursuant to 15 U.S.C.A. § 1116, Bridgepoint seeks a preliminary and permanent injunction against further acts of unfair competition by Defendants.

30. Additionally, Defendants' actions of unfair competition have caused and are causing substantial irreparable harm, in an amount not yet ascertained to Bridgepoint. Pursuant to 15 U.S.C.A. § 1117, Bridgepoint is entitled to and seeks Defendants' profits, actual damages, costs of this action, and such relief as may be deemed appropriate and awarded by this Court.

31. Defendants' actions are willful, in bad faith, and with full awareness of its wrongdoing, and warrant an award of enhanced damages. Additionally, Bridgepoint is entitled to recover attorney fees under 15 U.S.C.A. § 1117(a).

### COUNT THREE: CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT

32. Bridgepoint repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33. Defendants' use of Bridgepoint's Marks constitutes trademark infringement under the laws of the State of Texas.

34. Defendants' infringement of Bridgepoint's Mark is likely to cause or has caused confusion in connection with the services that Bridgepoint offers, harming Bridgepoint's Marks.

35. Further, Defendants' conduct is willful and in bad faith, since the Defendants have had actual knowledge since the cease-and-desist letter was sent on November 18, 2018, of their unlawful conduct.

36. Defendants' past and current acts of common law trademark infringement have caused and will continue to cause harm and damage to Bridgepoint unless the Defendants' infringement is enjoined by this Court.

37. The amount of damages Defendants' infringement has caused Bridgepoint is undetermined. Bridgepoint seeks actual damages, exemplary damages, and such additional relief as may be appropriate and awarded by this Court.

### COUNT FOUR: CLAIM FOR COMMON LAW UNFAIR COMPETITION

38. Bridgepoint repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. Defendants' infringement on Bridgepoint's Marks has and will continue to confuse, mislead, or deceive consumers and therefore constitutes unfair competition under the laws of the State of Texas.

40. Bridgepoint has been harmed by Defendants' continued infringement of Bridgepoint's Marks. The amount of these monetary damages is not yet calculated. Bridgepoint seeks actual damages, exemplary damages, and such relief as may be deemed appropriate and ordered by this Court.

41. Defendants' common law unfair competition is willful, in bad faith, and with full knowledge of its wrongdoing, and such conduct will continue unless this Court enjoins Defendants.

## COUNT FIVE:  CLAIM FOR FEDERAL TRADEMARK DILUTION

42. Bridgepoint repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. Bridgepoint is the federal trademark owner of the Bridgepoint Mark. Bridgepoint has used the Bridgepoint Mark continually in commerce since the formation of its business in 2004. Bridgepoint's strong growth, reputation, and "goodwill" show its extensive use of the Bridgepoint's Marks throughout the community and the United States. For these reasons, Bridgepoint's Marks have achieved a vast degree of distinctiveness within the meaning of Section 43 of the Lanham Act.

44. As a result of Defendants' willful continued infringement of Bridgepoint's Marks in connection to the commercial transport of goods, the Bridgepoint's Marks have and will continue to be diluted by Defendants' actions.

45. Defendants' willful and bad faith infringement of Bridgepoint's Marks will continue unless enjoined by this Court. Pursuant to 15 U.S.C.A. § 1116, Bridgepoint seeks a preliminary and permanent injunction against Defendants' further trademark infringement.

46. Further, the economic cost to Bridgepoint of Defendants' trademark dilution is not yet determined. Bridgepoint seeks actual damages, costs of this action, exemplary damages, and such additional relief as may be appropriate and awarded by this Court.

## COUNT SIX: CLAIM FOR STATE TRADEMARK DILUTION

47. Bridgepoint repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

48. Defendants' infringement of Bridgepoint's Marks constitutes dilution under Tex. Bus. & Com. Code Ann. § 16.103 (West).

49. Defendants' trademark dilution will continue unless enjoined by this Court.

50. Because Defendants' infringement constitutes willful and deliberate conduct, the dilution of Bridgepoint's Marks will continue unless this Court enjoins such action. Pursuant to Tex. Bus. & Com. Code Ann. § 16.103 (West) and Tex. R.

Civ. P. 680, Bridgepoint seeks a preliminary and permanent injunction against Defendants' further dilution of Bridgepoint's Marks.

## JURY DEMAND

Bridgepoint hereby demands a trial by jury for all issues so triable alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Bridgepoint prays:

1. That Defendants, their partners, agents, employees, and all persons in active concert, be preliminarily and permanently enjoined from engaging in the acts of trademark infringement and unfair competition, including without limitation, the use of the Bridgepoint Mark or any confusingly similar mark;

2. That Defendants be ordered to provide an accounting of all of its profits received from their actions of trademark infringement and unfair competition;

3. That Defendants' actions of trademark infringement and unfair competition are willful, and that Bridgepoint be awarded enhanced damages, attorneys' fees, and costs of Court;

4. Judgment be entered for Bridgepoint against Defendants for damages with prejudgment and post-judgment interest;

5. That Bridgepoint have such other and further relief as the Court deems it is entitled at law or in equity.

DATED: February 18, 2021.

                                                Respectfully submitted,

**Richard D. Schell**
Attorney-in-Charge
State Bar No. 17736780
Federal I. D. No. 1221
1801 South 2nd St., Suite 460
McAllen, Texas 78503
(956) 687-2727
(866) 705-0221 (fax)
rick@rickschell.com

Of Counsel:

**LAW OFFICES OF RICHARD D. SCHELL**
1801 South 2nd St., Suite 460
McAllen, Texas 78503
(956) 687-2727
(866) 705-0221 (fax)

Int. Cls.: 35, 36, and 39

Prior U.S. Cls.: 100, 101, 102, and 105

**United States Patent and Trademark Office**

Reg. No. 3,331,741
Registered Nov. 6, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# BRIDGEPOINT

BRIDGEPOINT INSURANCE AGENCY & PERMIT CENTER LLC (TEXAS CORPORATION)
210 N INTERNATIONAL BLVD
HIDALGO, TX 785572520

FOR: INTERNATIONAL AND DOMESTIC LICENSING OF VEHICLES FOR INDIVIDUALS AND COMMERCIAL TRANSPORT OF GOODS AND PROVIDING INFORMATION THEREFOR, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

FOR: INTERNATIONAL AND DOMESTIC INSURANCE AGENCY AND BROKERAGE SERVICES IN THE FIELD OF LIFE, ACCIDENT, MEDICAL, CASUALTY, CARRIER, TRANSPORT, MARINE, AIR, AUTO, AND VACATION, TO COMMERCIAL ENTITIES AND INDIVIDUALS; PROCESSING AND ADMINISTRATION OF INSURANCE CLAIMS; PROVIDING INFORMATION ON INSURANCE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

FOR: TRANSPORT BROKERAGE SERVICES FOR COMMERCIAL TRANSPORT OF GOODS, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-763,049, FILED 11-29-2005.

MICHAEL WEBSTER, EXAMINING ATTORNEY

**EXHIBIT "A"**

Int. Cls.: **35, 36, and 39**

Prior U.S. Cls.: **100, 101, 102, and 105**

**United States Patent and Trademark Office**

Reg. No. **3,331,742**
Registered Nov. 6, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



BRIDGEPOINT INSURANCE AGENCY & PERMIT CENTER LLC (TEXAS CORPORATION)
210 N INTERNATIONAL BLVD
HIDALGO, TX 78557

FOR: (BASED ON USE IN COMMERCE) INTERNATIONAL AND DOMESTIC LICENSING OF VEHICLES FOR INDIVIDUALS AND COMMERCIAL TRANSPORT OF GOODS AND PROVIDING INFORMATION THEREFOR, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

FOR: (BASED ON USE IN COMMERCE) INTERNATIONAL AND DOMESTIC INSURANCE AGENCY AND BROKERAGE SERVICES IN THE FIELD OF LIFE, ACCIDENT, MEDICAL, CASUALTY, CARRIER, TRANSPORT, MARINE, AIR, AUTO, AND VACATION, TO COMMERCIAL ENTITIES AND INDIVIDUALS; PROCESSING AND ADMINISTRATION OF INSURANCE CLAIMS; PROVIDING INFORMATION ON INSURANCE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

FOR: TRANSPORT BROKERAGE SERVICES FOR COMMERCIAL TRANSPORT OF GOODS, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

SN 78-763,091, FILED 11-30-2005.

MICHAEL WEBSTER, EXAMINING ATTORNEY

**EXHIBIT "B"**